**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

GLORIA KELLY, an individual,

    Plaintiff,

v.                                                       Case No. 3:20-cv-50-J-32JRK

OCWEN LOAN SERVICING, LLC,

    Defendant.

---

## O R D E R

This case is before the Court on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss. (Doc. 7).[1] Plaintiff Gloria Kelly[2] responded in opposition (Doc. 9), and Ocwen replied (Doc. 16). This lawsuit is one of several cases with nearly identical facts and claims, filed in this district and in the Southern

---

[1] Ocwen no longer exists as a standalone entity; it was merged into another wholly-owned subsidiary of Ocwen Financial Corporation in June 2019. (Doc. 7 at 2 n.2). PHH Mortgage Corporation is Ocwen's successor-in-interest for purposes of this action. Id. PHH assumed certain obligations from Ocwen, and references to Ocwen herein include PHH. Id.

[2] Kelly was deemed a class member in McWhorter v. Ocwen Loan Servicing, LLC, No. 2:15-CV-01831-MHH, a case in the Northern District of Alabama related to the federal allegations in Kelly's Complaint. (Doc. 3 ¶ 43). The McWhorter court approved a class settlement in August 2019. See McWhorter v. Ocwen Loan Servicing, LLC, No. 2:15-CV-01831-MHH, 2019 WL 9171207 (N.D. Ala. Aug. 1, 2019). Kelly opted out of the class. (Docs. 7-3 at 12; 16 at 8).

District of Florida. (Doc. 10). Both Kelly and Ocwen have kept the Court updated through notices of supplemental authority as related cases have been decided. (Docs. 17, 18, 19, 20).

## I.   BACKGROUND

Kelly took out a mortgage to purchase property located at 168 Wellington Drive in Palm Coast, Florida. (Doc. 3 ¶ 22). She later defaulted, and the loan transferred to Ocwen. (Doc. 3 ¶ 23-24). Ocwen partnered with Western Union and enabled homeowners to make payments through Speedway, a service that charged fees for telephone, online, and other payment options. (Doc. 3 ¶ 25). Kelly states that she was charged at least $39.00 in fees when she made mortgage payments to Ocwen using Speedway. (Doc. 3 ¶ 27-28). Ocwen acknowledges that it charged Kelly the following fees: $10.00 on November 18, 2013 via the internet; $19.50 on February 28, 2014 via telephone; and $19.50 on July 1, 2014 via telephone. (Doc. 7 at 3). Kelly claims that she could not have known about the fees and that Ocwen and Western Union profited by splitting fee proceeds. (Doc. 3 ¶ 26, 29).

Kelly's two-count complaint alleges unlawful debt collection practice under the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.72, (Count I), and unlawful debt collection practice under the Fair Debt Collection Practices Act ("FDCPA"), 15. U.S.C. § 1692 et seq., (Count II). (Doc. 3). As to Count I, Kelly asserts that Ocwen tried to collect debt with

2

knowledge that the debt was not legitimate and when no contract or existing law allowed Ocwen to do so. (Doc. 3 ¶ 33-34). Ocwen, she claims, colluded with Western Union in a kickback scheme regarding the Speedway fees. (Doc. 3 ¶ 35-37). In Count II, Kelly alleges that Ocwen is a debt collector under the FDCPA, prohibited from charging the Speedway fees in the absence of a contract or law allowing it to do so. (Doc. 3 ¶ 44-46).

## II.   DISCUSSION

In support of its Motion to Dismiss (Doc. 7), Ocwen argues that: (1) Kelly lacks standing;[3] (2) the statute of limitations bars Kelly's claims; (3) the Speedway convenience fee is not a "debt" as contemplated by the FDCPA and the FCCPA; (4) Ocwen is not a "debt collector" under either act; and (5) neither the FDCPA nor the FCCPA prohibits convenience fees. (Doc. 7). Kelly opposes these arguments but is "in agreement with the convenience fee payments on November 18, 2013 and February 28, 2014 as not being timely," presumably

---

[3] Ocwen argues that "[i]n 2013 and 2014 when the convenience fees were paid, Plaintiff was not liable under the promissory note and was not obligated to pay any debt at all to Ocwen." (Doc. 7 at 4). This argument is unavailing. First, Ocwen does not dispute that it accepted payments Kelly made on the debt in 2013 and 2014, which does not square with its argument that she did not owe money on the debt until 2018. (Doc. 7 at 3). Second, Kelly was listed as a "borrower" on the mortgage for the property that she and her husband purchased, and she signed the mortgage as a borrower. (Doc. 7-1 at 14, 28-29, 34). Kelly was also listed as a borrower in the McWhorter class action. (Docs. 7-3 at 12; 16 at 8). As a threshold matter, the Court finds that Kelly has standing to bring these claims.

conceding that two of the three payments are barred by the statute of limitations. (Doc. 9 at 7). Thus, only the July 1, 2014 payment of $19.50 remains at issue. (Doc. 9 at 7).

The issues presented in this case are being heavily litigated in federal courts in both the Middle and Southern Districts of Florida. The Court is most persuaded by the recent decision of Judge Moody in this district. See Turner v. PHH Mortg. Corp., No. 8:20-CV-137-T-30SPF, 2020 WL 2517927 (M.D. Fla. Feb. 24, 2020), reconsideration denied, 2020 WL 2518068 (M.D. Fla. Mar. 19, 2020); see also Lang v. Ocwen Loan Servicing, LLC, No. 3:20-CV-81-J-20MCR (M.D. Fla. July 17, 2020). In Turner, the court found that Speedway fees were not a debt owed another and were therefore not actionable under either act. 2020 WL 2517927, at *2. Instead, the court viewed Speedway fees as "incurred in a separate agreement between the parties to ensure same-day posting and processing of Turner's mortgage payments—an optional service that Turner voluntarily incurred." Id. The Turner court also concluded that Ocwen was not operating as a "debt collector" under either act when it collected the Speedway fees, as required for the acts to apply. Id.[4]

Judge Singhal in the Southern District of Florida dismissed similar FDCPA and FCCPA claims by adopting Judge Moody's Turner analysis. Estate

---

[4] Turner was not appealed.

4

of Derrick Campbell v. Ocwen Loan Servicing, LLC, No. 20-CV-80057-AHS, slip op. at 5 (S.D. Fla. Apr. 30, 2020) ("The convenience fees are a separate transaction neither part of, nor incidental to, the transferred debt."). Judge Singhal did so again in Reid v. Ocwen Loan Servicing, LLC, No. 20-CV-80130-AHS, 2020 U.S. Dist. LEXIS 79378 (S.D. Fla. May 4, 2020).[5] Similarly, in this district, Judge Schlesinger recently relied upon Turner to dismiss FDCPA and FCCPA claims against Owcen in a case with almost identical facts. Lang, No. 3:20-CV-81-J-20MCR.

Judge Middlebrooks in the Southern District of Florida came to the opposite conclusion regarding FDCPA claims in a group of nearly identical cases. See Booze v. Ocwen Loan Servicing, LLC, No. 9:20-CV-80135-DMM (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim); Fox v. Ocwen Loan Servicing, LLC, No. 9:20-CV-80060-RLR (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim); Fusco v. Ocwen Loan Servicing, LLC, No. 9:20-CV-80090, 2020 U.S. Dist. LEXIS 38606 (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim but granting dismissal of FCCPA claim by finding that a convenience fee is not a debt under the FCCPA); Glover v. Ocwen Loan Servicing, LLC, No. 9:20-CV-80053-DMM, 2020 U.S. Dist. LEXIS 38701 (S.D. Fla. Mar. 2, 2020) (denying dismissal of FDCPA claim). In these decisions,

---

[5] Neither Campbell nor Reid was appealed.

5

Judge Middlebrooks was persuaded that Speedway fees were incidental to the underlying mortgage debt under the FDCPA, that the Speedway fees were not permitted by other law, and that Ocwen only needed to be a "debt collector" as to the underlying mortgage for the FDCPA to apply. See, e.g., Fox, slip op. at 4-8. Judge Dimitrouleas recently agreed with Judge Middlebrooks as to FDCPA claims but disagreed as to FCCPA claims, allowing both claims to move forward. Webster v. Ocwen Loan Servicing, LLC, No. 0:20-CV-60117-WPD (S.D. Fla. Apr. 30, 2020) (denying dismissal of FDCPA and FCCPA claims by citing to Fox and Booze). Moreover, in the McWhorter class action of which Kelly was a member but opted out, Judge Haikala in the Northern District of Alabama denied Ocwen's motion to dismiss similar FDCPA claims. McWhorter v. Ocwen Loan Servicing, LLC, No. 2:15-CV-01831-MHH, 2017 WL 3315375 (N.D. Ala. Aug. 3, 2017); McWhorter v. Ocwen Loan Servicing, LLC, No. 2:15-CV-01831-MHH, 2017 WL 4304625 (N.D. Ala. Sept. 28, 2017). Due to this split, both Judge Singhal and Judge Moody have noted that this issue needs to be resolved by the Eleventh Circuit. Estate of Derrick Campbell, No. 20-CV-80057-AHS, slip op. at 4-5; Turner v. PHH Mortg. Corp., No. 8:20-CV-137-T-30SPF, 2020 WL 2518068, at *1 (M.D. Fla. Mar. 19, 2020) (order denying motion for reconsideration).

While courts reaching the opposite conclusion make some good points, ultimately, the undersigned agrees with the analysis in Turner, Campbell, and

6

Lang. Because the issues on which Turner was decided are dispositive of this case, the Court need not address Ocwen's additional arguments.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. 7) is **GRANTED**.

2. This action is **DISMISSED with prejudice**.

3. The Clerk is directed to close the case.

**DONE AND ORDERED** in Jacksonville, Florida the 31st day of July, 2020.

TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Counsel of record